UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| J. GREGORY LAUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.   1:06-CV-246 |
| | ) | |
| | ) | |
| CORAL L. LAUN, REX A. MILLER, | ) | |
| and UNIDENTIFIED JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION and ORDER**

INTRODUCTION

This matter is before the Court on the December 18, 2006, Motion to Quash (DE # 16) filed by a non-party, Scott M. Wagenblast, pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii), seeking to quash the Plaintiff's Request for Production of Documents and Subpoena served on Wagenblast on November 17, 2006, by certified mail.[1]

The Plaintiff responded with a Memorandum in Opposition and Motion to Compel Production (DE # 17) filed December 28, 2006, urging denial of the motion to quash and the issuing of an order compelling production.  Wagenblast has not filed a reply brief in support of his motion to quash, nor has he filed a response brief in opposition to the Plaintiff's Motion to Compel, and the time for him to do so has now expired. *See* N.D. Ind. L.R. 7.1(a). Consequently, Wagenblast's motion and the motion to compel are subject to summary ruling. *Id.*

---

[1] Wagenblast does not challenge the service of the subpoena by certified mail and, in any event, the service appears adequate. *Doe v. Hersemann*, 155 F.R.D. 630, 630-31 (N.D. Ind. 1994) (articulating that certified mail satisfies Federal Rule of Civil Procedure 45(b)(1) as delivery by a non-party adult).

FACTUAL BACKGROUND

Factually, this case centers on the Donald W. Miller Family Trust created November 14, 1997 ("Trust"), by Donald W. Miller ("Donald"), who is now deceased.  The Trust named eight beneficiaries who were to receive equal shares of the Trust upon Donald's death; such beneficiaries included Defendant Coral Laun ("Carol"), Donald's daughter; Defendant Rex Miller ("Rex"), Donald's son; and Plaintiff Gregory Laun, Donald's grandson.  Wagenblast was named as the initial trustee of the Trust, acting in that capacity until substitute trustees – apparently Rex and Coral – were appointed by order of the Porter Superior Court on or about October 5, 2001.

In this action, the Plaintiff essentially contends that Coral and Rex, acting in their roles as successor trustees of the Trust, distributed an annuity payment – essentially the Trust corpus – to themselves but denied the Plaintiff his *pro rata* one-eighth share. The Plaintiff also contends that Rex and Coral may have diverted other Trust assets, and thus his lawsuit seeks, *inter alia*, an accounting.  In addition, the Plaintiff asserts that Wagenblast subsequently became counsel for Rex and Coral after his stint as the trustee of the Trust and in August 2002 started to submit to the Plaintiff some false and misleading Trust accountings, which failed to disclose the existence of the annuity.

Now, as part of discovery, the Plaintiff's counsel wants to depose Wagenblast; however, he first wants the documents he subpoenaed from Wagenblast.  More particularly, the Plaintiff seeks from Wagenblast "all documents, including but not limited to, all correspondence, e-mail,

2

financial records, financial statements, bank records, and investment records and money transfer records relating in any way to the Donald W. Miller Family Trust." (Pl.'s Mem. in Opp'n to Non-Party Scott Wagenblast's Mot. to Quash at Ex. A.)  It is to this request that Wagenblast objects in his Motion to Quash.

## DISCUSSION

Here, Wagenblast's objection is seemingly grounded on the fact that before he served as trustee of the Trust, he "previously served as the attorney for Donald W. Miller." (*See* Mot. to Quash ¶ 6.)  Accordingly, Wagenblast seeks to invoke the attorney-client privilege "with regard to all or part of this matter," (*id.*), and requests that the subpoena be quashed in its entirety "or otherwise to the extent deemed relevant by the Court." (*Id*. ¶ 7.)

From Wagenblast's statements, however, it is difficult to determine if he contends that the attorney-client privilege only applies to those communications involving Donald or whether he is also asserting the privilege as it relates to Rex and Coral.  Stated another way, the problem is that Wagenblast offers a blanket and imprecise objection based on the attorney-client privilege, a practice Federal Rule of Civil Procedure 45(d)(2)(A) prohibits:

> When information subject to a subpoena is withheld on a claim that it is privileged . . ., the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Moreover, we cannot tell on this record if the privilege even applies.  After all, the attorney-client privilege protects confidential communications between attorney and client. *United States v. BDO Seidman*, 337 F.3d 802, 810 (7th Cir. 2003).  The Seventh Circuit applies the following general principles of attorney-client privilege:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser

3

>   in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection [may] be waived.

*Johnson v. Rauland-Borg Corp.*, 961 F. Supp. 208, 210 n.5 (N.D. Ill. 1997) (quoting *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991)). "Communications from the attorney to the client should be privileged only if the statements do in fact reveal, directly or indirectly, the substance of a confidential communication by the client." *Id*. It would appear on the face of the subpoena that some of the documents sought simply would not fall within the privilege.

This brief recitation of the rule explains why blanket claims of the privilege cannot be countenanced and why claims of privilege must instead be made and sustained on a document-by-document or question-by-question basis. *Makula v. Sanwa Bus. Credit Corp.*, No. 96 C 7138, 96 C 7695, 1997 WL 460935, at *2 (N.D. Ill. Aug. 8, 1997). Morever, "the scope of the attorney-client privilege must be construed narrowly 'to protect the search for the truth.'" *Id*. (quoting *United States v. Hamilton*, 19 F.3d 350, 353 (7th Cir. 1994)). The attorney-client privilege may be waived by the client voluntarily disclosing the privileged information to a third person or through asserting claims or defenses that put an attorney's advice at issue in the litigation. *Id*.

Clearly, Wagenblast's blanket claim of an attorney-client privilege is improper. We cannot tell on this record whether any of the documents sought fall within the privilege or whether there has been a waiver.[2] Furthermore, it is unclear whether Wagenblast is claiming that the privilege applies not only to his representation of Donald but also to his alleged

---

[2] Aside from possible waiver by the client, Wagenblast may have waived any objections by serving his objections too late. *See* Fed. R. Civ. P. 45(c)(2)(B). We really cannot make a definitive ruling on this point, however, because Wagenblast makes no effort to explain, excuse, or show good cause for the delay.

4

representation of Coral and Rex.[3]  Moreover, the brevity of Wagenblast's motion prevents us from assessing whether Wagenblast is subject to any "undue burden" by the requested production. Fed. R. Civ. P. 45(c)(3)(A)(iv).  Consequently, the Motion to Quash must be denied and, since it apparent that no production of documents has occurred, the Plaintiff's Motion to Compel will be granted.

## CONCLUSION

Wagenblast's Motion to Quash (DE # 16) is hereby DENIED, and the Plaintiff's Motion to Compel (DE # 17) is hereby GRANTED.  Wagenblast is therefore ORDERED to produce the requested documents within fifteen (15) days of the date of this Order.  If Wagenblast contends that some or all of the documents are still protected by the attorney-client privilege, he is to produce within fifteen (15) days a privilege log that lists each separate document he claims to be beyond discovery.

For each document listed on the log, Wagenblast should: (1) identify the document's date; (2) name the author of the document and all its recipients, together with their capacities; (3) describe the document's subject matter; (4) state the purpose for the document's production; and (5) provide a specific explanation of why the document is privileged. *See Muro v. Target Corp*., No. 94 C 6267, 2006 WL 3422181, at *1, 6 (N.D. Ill. Nov. 28, 2006) (citing *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84 (N.D. Ill. 1992)).  In addition, where appropriate, Wagenblast should explain why the privilege attaches to an entire document, and not just to a portion. *Id*. at 6.  If the privilege attaches only to a portion of a document, Wagenblast should

---

[3] Another possible source of waiver would be if Rex and Coral contend as an affirmative defense that they relied on Wagenblast's advice, thus putting that advice at issue in this case. *See*, *e.g*., *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987) (Indiana law).  That contention has not been expressly made by the Defendants, although it may be implicit in the affirmative defenses that have been asserted.

5

produce the document with the privileged portion redacted. *Id*.

      Enter: January 19, 2007.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
